**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1504-19T3

DATHON VALDES,

    Plaintiff-Appellant,

v.

CLEAN EATS MEAL PREP,
INC., and NOAH PELLEGRINI,
individually,

    Defendants-Respondents.

_____

Submitted November 12, 2020 – Decided December 10, 2020

Before Judges Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3110-17.

Dathon Valdes, appellant pro se.

Matthew H. Sontz, attorney for respondents.

PER CURIAM

In this Law Division action, plaintiff Dathon Valdes filed a pro se complaint against defendants Clean Eats Meal Prep, Inc. and Noah Pellegrini,

generally alleging a violation of the Wage and Hour Laws, N.J.S.A. 34:11-1 to -68, among six other causes of action. Defendants answered and the matter was scheduled for a jury trial pursuant to plaintiff's demand. During the pretrial conference, the trial judge noted his concerns "about the nature of the case" as gleaned from the parties' submissions. Accordingly, the judge sua sponte held an N.J.R.E. 104 hearing. At the conclusion of the hearing, the judge dismissed plaintiff's wage and hour claim, finding as a matter of law that plaintiff was an owner of Clean Eats. After plaintiff abandoned his remaining claims, the judge issued a final judgment, dismissing plaintiff's complaint in its entirety.

Plaintiff now appeals pro se from the October 7, 2019 final judgment, raising the following points for our consideration:

POINT I

ONCE . . . PLAINTIFF DEMANDED A TRIAL BY JURY, ALL ISSUES SO DEMANDED HAD TO BE DECIDED BY A JURY, NOT A SITTING JUDGE.

POINT II

THE TRIAL JUDGE IGNORED CASE LAW AND THE STATUTORY PROVISION IN N.J.S.A. 43:21-19(i)(6) TO CONCLUDE THAT . . . PLAINTIFF WAS NOT AN EMPLOYEE OF CLEAN EATS.

A-1504-19T3

Because we conclude the trial judge properly conducted the N.J.R.E. 104 hearing and correctly concluded plaintiff was an owner of Clean Eats as a matter of law, we affirm.

The facts are straightforward and derived from the hearing. Plaintiff, who was the sole witness to testify, presented evidence in support of his theory that he was an employee of Clean Eats. The parties introduced in evidence several documents, including Clean Eats' certificate of incorporation.

Plaintiff, Pellegrini and David Rivera[1] had met one another at work. In March 2015, plaintiff contacted Pellegrini and Rivera to pitch his concept for Clean Eats – a web-based delivery service that sold healthy home-cooked meals. Because plaintiff lacked the funds to establish the company, the parties agreed that Pellegrini and Rivera would contribute start-up capital and plaintiff would "put in time and effort" performing "certain administrative and kitchen duties, without pay." Plaintiff acknowledged those services "would ultimately serve as [his] contribution toward becoming part owner of Clean Eats." The parties' agreement was not memorialized in writing.

---

[1] Plaintiff's complaint did not name Rivera as a defendant and, as such, he is not a party to this appeal.

A-1504-19T3

The following month, Clean Eats was registered as a for-profit corporation in this State. The company's certificate of incorporation listed plaintiff, Rivera and Pellegrini as its directors. According to the initial corporate documents, which were unsigned, plaintiff was issued thirty-three shares of common stock and was appointed the company's secretary.

Several electronic-message exchanges among plaintiff, Pellegrini and Rivera underscored their business relationship. As one notable example, Pellegrini messaged the others that he had emailed to them a "copy of [the] receipt from [L]egal[] [Z]oom for registration of [the] business." In his responding message, plaintiff acknowledged receipt of Pellegrini's email and inquired whether "CleanEatsNJ" was available as the company's official name. Further, in response to Pellegrini's message about the fee he had incurred in registering the business and that he would "keep track of expenses and receipts for everything," plaintiff responded: "Perfect." In two other messages, plaintiff referred to Pellegrini and Rivera as his partners; in the second message plaintiff stated:

> 6 months from now it's gonna be a while [sic] new league were [sic] [] stepping into. Let's jump [tax] brackets PARTNERS[.]

A-1504-19T3

Plaintiff then began working as initially agreed, which generally included purchasing, cooking and plating the meals purchased by the company's customers.

Plaintiff claimed that sometime in September 2015, he was "locked out" of the company's website after he "asked to view official tax records" to "confirm[] Clean Eats was withholding the required Federal income and payroll taxes from its employees and paying the same to the IRS."  Plaintiff testified that the company's three employees were paid hourly by Pellegrini, but plaintiff "wasn't paid at all."  Plaintiff claimed he initially agreed his "wages would be withheld for . . . two months . . . and then traded for stocks in the company."  Plaintiff contended he worked without pay for five months.

Around the same time, Pellegrini and Rivera sought to dissolve Clean Eats.  In mid-September 2015, Pellegrini sent plaintiff correspondence, asserting plaintiff owed Clean Eats $4172.  In his responsive September 22, 2015 correspondence, plaintiff memorialized the parties' initial agreement that Rivera and Pellegrini "agreed to fund the start up of the company[,]" and plaintiff "would take up certain administrative and kitchen duties, without pay (off the clock), which would ultimately serve as [his] contribution toward becoming part owner of Clean Eats."  On cross-examination, plaintiff acknowledged he "called

the State of New Jersey and stopped the dissolution" filed by Pellegrini and Rivera "on the basis" that he was "a shareholder."

Following argument, the trial judge issued a cogent oral decision, concluding plaintiff was not an employee of Clean Eats. The judge squarely addressed plaintiff's wage and hour claim in view of the applicable legal principles.

Noting plaintiff's complaint "overwhelmingly appears to be a business dispute," the judge found the undisputed testimony in the record established plaintiff, Pellegrini and Rivera "agreed to start a business," and the documentary evidence reflected "they actually incorporated that business." In that regard, the judge found the company's certificate of incorporation was "[t]he key document" because, as plaintiff "acknowledge[d]," the document named plaintiff, Pellegrini, and Rivera as the directors of Clean Eats. The judge also found persuasive plaintiff's September 22, 2015 letter to Pellegrini, wherein plaintiff acknowledged his "in kind" contribution to Clean Eats. Citing the electronic messages sent from plaintiff to Pellegrini and Rivera, the judge noted plaintiff "refer[ed] to himself as a partner."

A-1504-19T3

Turning to the governing law, the trial judge cited the relevant factors recognized by this court more than twenty years ago in Pukowsky v. Caruso to determine whether in the present case plaintiff was an employee of Clean Eats:

> (1) the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation—supervised or unsupervised; (3) skill; (4) who furnishes the equipment and workplace; (5) the length of time in which the individual has worked; (6) the method of payment; (7) the manner of termination of the work relationship; (8) whether there is annual leave; (9) whether the work is an integral part of the business of the "employer;" (10) whether the worker accrues retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties.
>
> [312 N.J. Super. 171, 182-83 (App. Div. 1998) (citations omitted).]

Focusing on factor twelve, the trial judge found the "intention of the parties at the outset was . . . simply that [plaintiff], who didn't have capital to contribute to the start of the business, . . . would contribute in-kind work" and would "not to be paid wages." On the other hand, the capital contribution would be made by Pellegrini and Rivera. "And, with great optimism and enthusiasm, they started a business" that "didn't work out." The judge therefore concluded plaintiff, as an owner of Clean Eats, "was not an employee of the company." Accordingly, the judge dismissed plaintiff's wage and hour violation claim.

A-1504-19T3

Following a half-hour break to afford plaintiff time to collect his thoughts regarding the evidence he sought to present to the jury on his remaining claims, plaintiff informed the judge he could not "go to trial without the evidence" the judge had "removed." Confirming plaintiff wished to withdraw the remaining claims, the judge dismissed the complaint. After plaintiff's ensuing motions for reconsideration and clarification were denied, plaintiff filed the present appeal.

We have carefully considered the contentions raised on appeal in view of the applicable law, and conclude they lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the trial judge in his well-reasoned decision. We add only the following brief remarks.

The decision whether to hold an N.J.R.E. 104 hearing is within the sound discretion of the trial court. See Kemp v. State, 174 N.J. 412, 432 (2002). We therefore review the judge's decision under an abuse of discretion standard. See Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010) (recognizing "[e]videntiary decisions are reviewed under the abuse of discretion standard because, from its genesis, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion"). We will reverse the trial court's determination only if "there has been a clear error of judgment." Griffin

v. City of E. Orange, 225 N.J. 400, 413 (2016) (citation omitted). Thus, "we will reverse an evidentiary ruling only if it 'was so wide off the mark that a manifest denial of justice resulted.'" Ibid. (citation omitted).

A trial judge as gatekeeper, must consider the framework for admission of any evidence, which starts with a relevancy determination under N.J.R.E. 401, i.e., whether the evidence "h[as] a tendency in reason to prove or disprove any fact of consequence to the determination of the action." The judge's gatekeeping function is consistent with N.J.R.E. 611, which requires a court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." As the commentary to N.J.R.E. 611 makes clear, "the court should address many of the issues implicated by this at a hearing outside the presence of the jury, pursuant to N.J.R.E. 104." Of course, we review the court's legal conclusions de novo. See Kean Fed'n of Teachers v. Morell, 233 N.J. 566, 583 (2018).

In the present matter, the parties' pretrial submissions alerted the judge that plaintiff was "one of the principals" of Clean Eats, calling into question the relevance of plaintiff's wage and hour violation claim. Plaintiff was then

afforded the opportunity to testify at the N.J.R.E. 104 hearing and present documentary evidence in support of his contention that he was an employee of Clean Eats. We therefore discern no abuse of discretion in the court's decision to hold an N.J.R.E. 104 hearing, which afforded plaintiff an opportunity to establish his claim. See Model Jury Charges (Civil), 5.10H, "Agency" (approved May 2002/revised Aug. 2011) (noting "if there are no disputed facts or disputed inferences which may be drawn from undisputed facts concerning the relationship, the judge should determine whether or not there is an employer/employee relationship as a matter of law").

Having conducted a de novo review of the record, we are satisfied the trial judge correctly concluded the plaintiff's status as a principal of Clean Eats was undisputed and, as such, the judge correctly dismissed his wage and hour violation claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1504-19T3